## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RONEISE EDWARDS,** | ) | **Case No.:** |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| **v.** | ) | **FOR JURY TRIAL** |
| | ) | |
| **PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, LLC,** | ) | **(Unlawful Debt Collections** |
| | ) | **Practices)** |
| Defendant. | ) | |

## COMPLAINT

RONEISE EDWARDS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Ohio, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Oregon, Ohio 43616.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.     Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10.     Debt collection is the principal purpose of the Defendant's business.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Upon information and belief, Defendant was attempting to collect an alleged consumer debt that was primarily incurred for personal, family or household purposes.

13.     Within the one year period preceding the filing of this complaint and continuing through April 2017, Defendant placed repeated harassing telephone calls to Plaintiff.

14.     Defendant's calls originated from phone numbers including, but not limited to the following: (631) 247-0734, (856) 345-2655, (314) 332-1501. The undersigned has confirmed that these phone numbers belong to Defendant.

15.     Desiring to stop Defendant's unrelenting collection calls, Plaintiff spoke to Defendant in or about November 2016 and requested that Defendant stop calling her regarding the aforementioned debt.

16.     Once Defendant was notified that the calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

17.     However, Defendant's collectors have ignored Plaintiff's request to stop calling and continued to call Plaintiff through April 2017.

18.     These additional calls were frustrating, irritating and disruptive to Plaintiff, particularly when Defendant called Plaintiff while staying at the hospital

recovering from knee surgery in or about January 2017, when she was attempting to sleep, and when she was attending church services.

19.    During this time, Defendant also placed calls to Plaintiff prior to 8:00am and after 9:00pm.

20.    Frustrated by Defendant's persistent, harassing telephone calls, Plaintiff downloaded an application to her cellular telephone in order to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

21.    A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

22.    A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23.    Defendant violated both sections when it placed repeated harassing telephone calls to Plaintiff and continued to call knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

24.     A debt collector violates §1692c(a)(1) of the FDCPA when, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it communicates with a consumer in connection with the collection of any debt --(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

25.     Defendant violated section 1692c(a)(1) when it called Plaintiff prior to 8:00 am and after 9:00 pm between July 2016 and April 2017; and when it called her while she was at church, sleeping and/or in the hospital.

WHEREFORE, Plaintiff, RONEISE EDWARDS, respectfully prays for judgment as follows:

    a.  All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RONEISE EDWARDS, demands a jury trial in this case.

Respectfully submitted,

Dated: July 24, 2017    By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 6 -