#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OHIO
#### WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| **RONEISE EDWARDS** | : | Case No. 3:17-cv-01547 |
| Plaintiff, | : | Judge Jack Zouhary |
| vs. | : | |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | : | **AGREED PROTECTIVE ORDER** |
| Defendant. | : | |

This Agreed Protective Order is entered pursuant to Federal Rule of Civil Procedure 26(c) by agreement of the parties. The Court, recognizing that the parties and their witnesses may possess trade secrets or other confidential research, development, or commercial information which may be subject to discovery in this action, hereby orders that:

1. Documents which the parties produce or information they disclose in discovery may be designated "Confidential" if the producing party believes in good faith that they should be kept confidential due to their private or sensitive nature, and that they are actually treated as confidential by the producing party in the normal course.

2. Documents or information satisfying Paragraph 1 may be designated by the producing party as "Confidential" by placing a stamp or equivalent mark of "Confidential" upon the document containing Confidential information.

3. Documents and information designated "Confidential" shall be disclosed only to the parties to this action, their attorneys and members and employees of the attorneys' firms who assist in trial or other case preparation, third party vendors providing copying or similar clerical support services, and any experts (including consultants) retained or specially employed in

preparation for trial of this action or other case activity, or as testifying expert witnesses at trial. No further disclosure is allowed unless ordered by this Court.

4. Before disclosing Confidential documents or information to any expert or third party vendor, counsel for the employing party shall obtain and then preserve the expert's or third party vendor's signed and dated agreement to be bound by the terms of this order in substantially the form attached hereto.

5. Anyone coming into possession of Confidential documents or information shall take reasonable precautions to safeguard their confidentiality.

6. Upon final termination of this action, by settlement, judgment, or otherwise, each person in possession of Confidential documents or information shall, at the producing party's option, destroy or return all such materials. Counsel may retain pleadings, correspondence, and internal legal notes, attorney work product, and memoranda that refer to or reflect information contained in the documents and materials.

7. All Confidential documents or information disclosed in discovery, whether in depositions, transcripts, interrogatory answers, document production, responses to requests for admission, or any other discovery proceeding under the Civil Rules, shall be subject to this order.

8. A Party may designate portions of deposition testimony as "Confidential" within twenty-one days of the party's actual receipt of notice from the court reporter that the deposition transcript is completed and available. Designation shall be made by specific page and line numbers. Entire transcripts may not be designated as Confidential if they also contain non-Confidential information. Until the twenty-one day time period has elapsed, all deposition testimony shall be treated as "Confidential."

9. Subject to Paragraph 10 below, no person shall file another party's Confidential

documents or information with the Court or use another party's Confidential documents or information in public Court proceedings except under seal or by this Court's further determination of the handling of Confidential documents or information outside of the discovery process. *\*Subject to Paragraph 6 of form order.\**

10. Any party may challenge the designation of documents or information as Confidential by notifying counsel for the producing party in writing. Within fourteen business days after receipt of such notice, the producing party may apply to the Court for an order determining the application of this protective order to such documents or information. The documents and information at issue shall remain Confidential during such fourteen business day period. If the producing party applies to the Court for an order, the documents and information at issue shall remain Confidential until the Court orders otherwise. All parties shall use their best efforts to resolve any disagreements before submitting them to the Court.

           *s/ Jack Zouhary*
           U.S. DISTRICT JUDGE

           May 21, 2018

**AGREED:**

_/s/ *Elizabeth Shaffer*_____
Alan H. Abes (0062423)
Elizabeth M. Shaffer (0076449)
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977.8200
Facsimile: (513) 977.8141
alan.abes@dinsmore.com
elizabeth.shaffer@dinsmore.com

*Attorneys for Defendant*
*Portfolio Recovery Associates, LLC*


_/s/ *Kareem Seifeldin* (by E. Shaffer per email authorization on 3/9/18)____
Amy L. Bennecoff Ginsburg
Joseph C. Hoeffel
Kareem Seifeldin
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Email: jhoeffel@creditlaw.com


*Attorneys for Plaintiff*
*Roneise Edwards*

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have reviewed a copy of the Agreed Protective Order entered in the litigation known as *Roneise Edwards v. Portfolio Recovery Associates, LLC*, Case No. 3:17-cv-01547 in the United States District Court for the Northern District of Ohio, Western Division (Toledo). I am familiar with the terms of the Agreed Protective Order, and I agree to be bound by its terms.

| NAME | SIGNATURE | DATE |
| --- | --- | --- |
| _____ | _____ | _____ |